**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH GREWAL, | No. 08-17483 |
| Plaintiff - Appellee, | D.C. No. 3:07-cv-04218-CRB |
| v. | |
| AMIT CHOUDHURY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

    Amit Choudhury appeals pro se from the district court's judgment,

following a four-day jury trial, in favor of Elizabeth Grewal in her diversity action

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging various claims connected with a promissory note. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion by excluding belatedly produced documents from use at trial. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001) (reviewing for an abuse of discretion the district court's decision to exclude evidence as a discovery sanction and explaining that Fed. R. Civ. P. 37 requires the exclusion of evidence unless the failure to disclose was substantially justified and harmless).

The admission of expert testimony was not plain error because it aided the jury in calculating damages. *See Scott v. Ross*, 140 F.3d 1275, 1285 (9th Cir. 1998) (reviewing for plain error the admission of expert testimony where party fails to renew objection at trial and explaining that Fed. R. Evid. 702 allows for "testimony that will aid the trier of fact in understanding the evidence or determining a fact in issue").

Contrary to Choudhury's contention, there is no evidence in the record before us to suggest the jury ignored the instructions to calculate damages according to a simple interest formula, to disregard a portion of Grewal's testimony, or to consider Choudhury's ability to pay any punitive damages award.

*See Fineberg v. United States*, 393 F.2d 417, 419-20 (9th Cir. 1968) ("The jury is presumed to have understood and followed the court's instructions.").

We do not consider Choudhury's undeveloped contentions regarding his post-trial motions. *See Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988) ("Issues raised in a brief which are not supported by argument are deemed abandoned.").

Grewal's request for judicial notice is denied.

**AFFIRMED.**